IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01641-MSK-BNB

PATRICK COLLINS, INC.,

Plaintiff,

v.

JOHN DOES 1-23,

Defendants.

_____

**ORDER**
_____

This matter arises on **Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference and Incorporated Memorandum of Law** [Doc. # 6, filed 6/27/2012] (the "Motion"), which is GRANTED.

The plaintiff alleges that the defendants, who are anonymous internet users, are infringing its copyright. In order to learn the true identities of the defendants, the plaintiff must serve subpoenas on the defendants' Internet Service Providers ("ISPs").

Rule 26(d), Fed. R. Civ. P., generally provides that discovery may not commence until the parties have conferred as required by Rule 26(f). In unusual circumstances, however, and upon a showing of good cause, discovery may occur prior to the Rule 26(f) conference "when authorized by . . . court order." Fed. R. Civ. P. 26(d); 20/20 Financial Consulting, Inc. v. Does 1-5, 2010 WL 1904530 *1 (D. Colo. 2010).

20/20 Financial presented similar facts, involving anonymous internet users whose identities had to be obtained from their ISPs. The court found that good cause existed and

allowed expedited discovery, ruling:

> Because it appears likely that Plaintiff will continue to be thwarted in its attempts to identify Defendants without the benefit of formal discovery mechanisms, the court finds that Plaintiff should be permitted to conduct expedited discovery, pursuant to Fed. R. Civ. P. 45, for the limited purpose of discovering the identities of Defendants.

Id. Accord Arista Records, LLC v. John Does 1-19, 551 F. Supp. 2d 1, 6 (D.D.C. 2008) (permitting expedited discovery to identify anonymous internet user defendants allegedly engaged in copyright infringement, and noting that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights").

Here, as in 20/20 Financial and Arista Records, good cause exists to allow expedited discovery to determine the identities of the anonymous defendants so that the case may proceed on its merits.

IT IS ORDERED:

(1) The Motion [Doc. # 6] is GRANTED;

(2) The plaintiff may conduct discovery pursuant to Fed. R. Civ. P. 45, prior to the Rule 26(f) conference, solely for the purpose of determining the true identities of the John Doe defendants; and

(3) The plaintiff shall file a status report on or before **September 11, 2012**, regarding the status of its efforts to identify the John Doe defendants.

Dated July 11, 2012.

                                                    BY THE COURT:

                                                    s/ Boyd N. Boland
                                                    United States Magistrate Judge