IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01641-MSK-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

JOHN DOES 1-23,

      Defendants.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 20, 2012.**

Before the Court is Defendant Doe 11's Motion to Dismiss/Sever, for Reconsideration, and for a Protective Order and/or to Quash Subpoena [filed August 22, 2012; docket #12].

First, with respect to Doe 11's request to quash, the challenged subpoena appears to be issued from the U.S. District Court for the District of New Jersey. *See* docket #12-1. To the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must deny such request without prejudice. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted). Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court. *See In re Digital Equipment Corp.*, 949 F.2d at 231.

Second, from the content of the present motion, the Court infers that Doe 11 seeks to proceed in this litigation anonymously. However, he has failed to seek permission from the Court to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). Therefore, if Doe 11 wishes to re-file his motion in accordance with this order and all applicable local and federal court rules, he must first (or contemporaneously) file a motion to proceed anonymously

2

With respect to the remainder of the motion, due to its varied requests for relief, adjudication of the single motion will likely require different standards of review and legal analyses of both dispositive and non-dispositive issues.  In the interests of judicial efficiency and the proper management of its docket, the Court **denies** the motion **without prejudice** and instructs Doe 11 to file his remaining requests for relief each in separate motions, as applicable.  *See* D.C. Colo. LCivR 7.1C ("A motion shall be made in a separate paper.")