IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01641-MSK-MEH

PATRICK COLLINS, INC.,

     Plaintiff,

v.

JOHN DOES 1-23,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

     Before the Court is Doe #11's Renewed Motion to Dismiss/Sever for Improper Joinder [filed September 25, 2012; docket #23]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation [docket #32]. Oral argument would not materially assist the Court in its adjudication of the motion. For the reasons set forth below and based on the record set forth herein, the Court RECOMMENDS Doe #11's motion be **denied**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

I.      **Background**

Plaintiff initiated this action on June 24, 2012, against twenty-three Doe Defendants. Plaintiff alleges that the Doe Defendants, identified only by their Internet Protocol ("IP") addresses, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected film.  In an effort to identify the alleged infringers, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") prior to the Rule 26(f) conference. (Docket #6.)  Magistrate Judge Boland determined that Plaintiff had shown good cause for limited expedited discovery, and granted Plaintiff's motion.  (Docket #10.)  In particular, Magistrate Judge Boland authorized Plaintiff to serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs for the limited purpose of ascertaining the identities of the Doe Defendants.  (*Id.*)

In conjunction with a motion to proceed anonymously, Doe #11 filed the present motion on September 25, 2012.[2]  (Dockets ##22, 23.)  Doe #11 argues that joinder is improper in this case and, thus, Does ##2-23 should be dismissed. Citing several opinions from other courts, Doe #11 contends that participation in a Bit Torrent swarm does not adequately connect the Defendants for purposes of joinder.

In response, Plaintiff argues that Rule 20 also allows the Plaintiff to demonstrate a "series of transactions or occurrences" or "joint and several liability."  (Docket #33.)  Plaintiff asserts that its has demonstrated both of the latter to meet Rule 20's requirements.  Further, Plaintiff contends

---

[2]The Court granted Doe #11's motion to proceed anonymously for the sole purpose of adjudicating the present motion and a motion to reconsider.  (Docket #28.)

that it will prove at trial that "the Defendants' infringement was committed through the same transaction or series of transactions with mathematical certainty by demonstrating, *inter alia*, that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different <u>but for</u> each of the Defendants' infringements." (*Id.* at 3.) (emphasis in original). Plaintiff also argues that common issues of law and fact exist in this case, that the putative Defendants are not prejudiced by joinder at this stage of the litigation, and that joinder here would promote judicial efficiency.

Although given the opportunity to do so, Doe #11 did not file a reply brief in support of his motion.

## II.    Legal Standards

Federal Rule of Civil Procedure 20(a)(2) sets forth the requirements for permissive joinder of defendants. Joinder is proper under Rule 20(a)(2) if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." In addition to the two requirements specified in Rule 20(a)(2), the Court also considers whether joinder would prejudice any party or result in needless delay. *See* Fed. R. Civ. P. 20(b); *see also First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 257 (N.D. Ill. 2011). Thus, "[t]he Court may exercise discretion "regarding the proper time to sever parties, and this determination includes consideration of judicial economy and efficiency." *Voltage Pictures, LLC v. Does 1–5,000*, 818 F. Supp. 2d 28, 38 (D.D.C. 2011).

The permissive joinder rule is construed liberally "to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Cooper v.*

*Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010).  As the Supreme Court has instructed, courts must interpret the Federal Rules of Civil Procedure to entertain "the broadest possible scope of action consistent with fairness to the parties"; thus, "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

The remedy for misjoinder under Federal Rule of Civil Procedure 21 is not dismissal of the action.  *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."). Rather, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."  *Id.*

## III.   Analysis

Courts, including courts in this District, have reached different conclusions regarding whether to address the issue of joinder prior to permitting discovery.  Those addressing joinder as a threshold issue have noted that allowing a case to proceed against improperly joined defendants enables a plaintiff to obtain personal information and ultimately extract settlements with only a single filing fee.  *Patrick Collins, Inc. v. Does 1-10*, No. JFM 8:12-cv-00094, 2012 WL 1144980, at *3 (D. Md. April 4, 2012) (citations omitted).   Underlying this approach is a belief that the plaintiff's business model could not (or would not) support separate lawsuits against each individual defendant.  *See id.*; *see also Third Degree Films v. Does 1-47*, No. 12-10761-WGY, 2012 WL 4498911, at *1 (D. Mass. Oct. 2, 2012) (noting a concern about "allowing the adult film companies unfettered access to the judicial processes of subpoenas and early discovery" and citing an opinion from the Northern District of California in which the court censured a plaintiff for having never served a single Doe defendant after early discovery had been granted).  However, in this District, the Plaintiff and its counsel have demonstrated their willingness to proceed against single identified

defendants in the same or very similar cases.  *See, e.g., Patrick Collins, Inc. v. Wimmer*, 12-cv-01411-REB-MEH; *Patrick Collins, Inc. v. Rell*, 12-cv-01643-MSK-MEH;  *Malibu Media, LLC v. Xu*, 12-cv-01866-MSK-MEH; *Malibu Media, LLC v. Allison*, 12-cv-01867-MSK-MEH; *Malibu Media, LLC v. Tipton*, 12-cv-01869-PAB-MEH.   Because the Plaintiff and its counsel sue individuals after obtaining their identities in the same or similar cases, the Court is not persuaded that severing defendants prior to discovery would deter the Plaintiff here from pursuing its claims.

As for the concern that joinder of multiple defendants at the pre-discovery stage promotes coercive settlements, the Court does not agree.  Some courts appear to be troubled that copyright holders use judicial resources to obtain the identities of multiple defendants, then contact and convince these defendants that they must settle or be subject to a public lawsuit concerning infringement of a pornographic film or other media.  These courts determine that severing such defendants will deter the copyright holder's conduct.  *See, e.g., Third Degree Films*, 2012 WL 4498911, at *9 ("the most appropriate method to protect against any potential coercion is to sever the Doe defendants and require them to be sued individually.").  However, whether it is one defendant or one hundred defendants named in a lawsuit, due simply to the suggestive content of the alleged infringed material, the copyright holder still has the ability to attempt to convince a defendant to settle or to be identified in a public lawsuit.[3]  Any issue regarding whether the copyright holder intends to actually pursue its claims against identified defendants to trial has been

---

[3]Thus far, there have been no specific allegations of coercion by the Plaintiff in this case or in other similar cases brought before this Court.  Nevertheless, in an effort to reduce the likelihood of such conduct here, this Court affirms the practice of ISPs to withhold a Doe defendant's identifying information pending the resolution of any motion filed by a Doe defendant challenging the subpoena, and typically grants a Doe defendant's well-supported motion to proceed anonymously in the case pending resolution of motions to dismiss or to sever, or motions to quash.

resolved, at least in this District as set forth above.  Thus, this Court is not persuaded that joinder of multiple defendants in one action during the pre-discovery stage necessarily contributes to any coercive settlements, to the extent they may be occurring.

Finally, Judge Arguello has found in a very similar case involving the same Plaintiff, with respect to the "common question of law or fact" requirement, "[a]lthough it is conceivable that individual Doe Defendants may assert different factual and legal defenses at a later point, 'that does not defeat, at this stage of the proceeding, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B).'"  *See Patrick Collins, Inc. v. John Does 1-15*, No. 11-cv-02164-CMA-MJW, 2012 WL 41536, at *3 (D. Colo. Feb. 8, 2012) (quoting *Call of the Wild Movie, LLC v. Does 1-1062*, 770 F. Supp. 2d 332, 342 (D.D.C. 2011)).  In that case, Judge Arguello determined that to recover from <u>each</u> of the 33 putative defendants under the Copyright Act, the plaintiff would need to establish it is the owner of the alleged infringed work, that "copying" has occurred, and that entering a swarm constitutes a willful act of infringement.  *Id.*  Moreover, Judge Arguello recognized common factual issues in the plaintiff's allegation that the doe defendants used the same BitTorrent protocol to download and distribute the work, including "'how BitTorrent works and the methods used by Plaintiff to investigate, uncover, and collect evidence about the infringing activity.'" *Id.* (quoting *Patrick Collins, Inc. v. Does 1-2,590*, No. C 11-2766, 2011 WL 4407172, at *6 (N.D. Cal. Sept 22, 2011)).  Like that case, the present matter requires proof of the same elements against each Defendant and involves the same allegations concerning the Defendants' use of the BitTorrent protocol.

However, here, Doe #11solely challenges joinder pursuant to Fed. R. Civ. P. 20(a)(2)(A). The Court finds instructive Judge Arguello's finding that joinder was proper under Rule 20(a)(2)(A)

at an early stage in the above-mentioned case based on the same or similar allegations made in this case. *See Patrick Collins, Inc.*, 2012 WL 41536, at *2. That is, Judge Arguello concluded that the "Plaintiff has provided enough specificity to make a preliminary determination that the Doe Defendants were part of the same swarm," by alleging that each Defendant directly interacted and communicated with other members of the same swarm, identified by a single alphanumeric hash number, through "digital handshakes," the passing along of computer instructions, and by uploading and downloading the alleged infringed work. *Id.* The Plaintiff in this case makes the same or very similar allegations as those made in the previous case. (Docket #1.) According to Judge Arguello, "[t]he nature of the BitTorrent protocol requires concerted action by peers in order to disseminate files, such as the Work, and the Doe defendants allegedly engaged in this concerted action by entering and contributing to the same swarm." *Id.* (citing *First Time Videos*, 276 F.R.D. at 257).

Other courts have found dismissal improper on the grounds of misjoinder during the early stages of litigation. *See Malibu Media, LLC v. Does 1-25*, No.12-cv-0362-LAB (DHB), 2012 WL 2367555, at *3 (S.D. Cal. June 21, 2012); *see also Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 11 (D.D.C. 2008) ("While the Court notes that the remedy for improper joinder is severance and not dismissal, ... the Court also finds that this inquiry is premature without first knowing Defendants' identities and the actual facts and circumstances associated with Defendants' conduct.")

Doe #11 fails to articulate why the present matter deserves different treatment than the case adjudicated by Judge Arguello. In fact, this Court finds that joinder at an early stage of the litigation in these types of cases promotes judicial efficiency and economy. *See Patrick Collins, Inc.*, 2012 WL 41536, at *1 ("[T]he Court may exercise discretion in determining whether to sever defendants, and this determination includes a consideration of judicial economy and efficiency."). This case was

filed on June 24, 2012.  Severing Defendants now would delay, but not eliminate, Plaintiff's efforts to obtain Doe #11's identifying information from the ISP.  Simply put, severance affects the timing of disclosure but not the underlying right.  In this context, such a delay may prove fatal to Plaintiff's claims insofar as Plaintiff alleges that the information it seeks is subject to destruction.  (Docket #6 at 5.)  Given the inevitable disclosure of the information at issue in the subpoena, it seems judicial efficiency is best promoted by declining to reach the question of joinder at this time.  *See Patrick Collins, Inc.*, 2012 WL 41536, at *4 ("joinder of the Doe Defendants 'facilitates jurisdictional discovery and expedites the process of obtaining identifying information, which is prerequisite to reaching the merits of [Plaintiff's] claims.'") (quoting *Voltage Pictures, LLC*, 818 F. Supp. 2d at 38).  Conversely, Doe #11 proffers no persuasive argument that the Court will be inconvenienced or that he will be unduly prejudiced by the joinder of Doe defendants at the early stage of litigation.

Accordingly, the Court concludes that Doe #11 has failed to demonstrate why the District Court should dismiss him as a party or sever Plaintiff's claims against him at this time.  Should discovery proceed in this case, it is possible to address any administrative challenges or undue prejudice to the parties at that time.

## III.   Conclusion

For the reasons stated above, the Court finds that Doe #11 has not met his burden of showing severance pursuant to Fed. R. Civ. P. 21 is proper at this stage of the litigation.  Therefore, the Court respectfully recommends that Doe #11's Renewed Motion to Dismiss/Sever for Improper Joinder [filed September 25, 2012; docket #23] be **denied**.

Dated at Denver, Colorado, this 8th day of January, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge