IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-01641-WYD-MEH

PATRICK COLLINS, INC.,

    Plaintiff,

v.

JOHN DOES 1-2, 4-6, 8-13, 15, 17-23,

    Defendants.

# ORDER

THIS MATTER comes before the Court on Doe 11's Renewed Motion to Dismiss/Sever for Improper Joinder.[1] This motion was referred to Magistrate Judge Hegarty for a recommendation. A Recommendation was issued on January 8, 2013, and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.

As noted in the Recommendation, Doe 11 argued in the Renewed Motion to Dismiss/Sever for Improper Joinder that joinder was improper in this case and that Does 2-23 should be dismissed. Citing several opinions from other courts, Doe 11 contended that participation in a Bit Torrent swarm does not adequately connect the Defendants for purposes of joinder. (*See* Recommendation at 2.)

---

[1] The caption was amended to reflect that Defendant John Does 3, 7, 14 and 16 have been dismissed. The parties should amend the caption accordingly.

Magistrate Judge Hegarty recommends that Doe 11's motion be denied, finding that Doe #11 did not meet his burden of showing that severance pursuant to Fed. R. Civ. P. 21 is proper at this stage of the litigation. (*See* Recommendation at 1, 8.) While acknowledging that courts have reached different conclusions regarding whether to address the issue of joinder prior to permitting discovery (*id.* at 4), Magistrate Judge Hegarty was "not persuaded that severing defendants prior to discovery would deter the Plaintiff here from pursuing its claims." (*Id.* at 5.) This was based on the fact that "in this District, the Plaintiff and its counsel have demonstrated their willingness to proceed against single identified defendants in the same or very similar cases" after obtaining their identities. (*Id.* at 4-5.) He further did not agree that joinder of multiple defendants at the pre-discovery stage promoted coercive settlements (*Id.* at 5.) Finally, Magistrate Judge Hegarty found persuasive Judge Arguello's ruling in a similar case involving the same Plaintiff, *Patrick Collins, Inc. v. John Does 1-15*, No. 11-cv-02164-CMA-MJW, 2012 WL 41536 (D. Colo. Feb. 8, 2012). (Recommendation at 6-7.) Among other things, Judge Arguello found that joinder was proper under Rule 20(a)(2)(A) at an early stage based on the same or similar allegations made in this case. *Patrick Collins, Inc.*, 2012 WL 41536, at *2.

On January 22, 2013, Defendant Doe #11 filed a timely objection to the Recommendation. Plaintiff filed a response to the objection on February 5, 2013. The case was reassigned to me by Order of April 1, 2013.

Defendant's timely objection necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the

nature of the matter is dispositive.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).  "In order to conduct a *de novo* review a court 'should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967)) (internal quotation marks omitted)).  While the court may place whatever reliance on the magistrate judge's "recommendation its merit justifies, the court must review the record in light of its own independent judgment."  *Id.*

Having reviewed the Objection, I find no merit to the arguments made therein.  Doe #11 still "fails to articulate why the present matter deserves different treatment than the case adjudicated by Judge Arguello."  (*See* Recommendation at 7.)  I agree with Magistrate Judge Hegarty "that joinder at an early stage of the litigation in these types of cases promotes judicial efficiency and economy." (*Id.*).  The Recommendation conducted a thorough analysis of John Doe 11's challenge to joinder under Fed. R. Civ. P. 20(a)(2), and Doe # 11 has not shown grounds that require rejection of the Recommendation.  Indeed, similar motions in other cases in this Court have been routinely denied.  Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated January 8, 2013 (ECF No. 38) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that John Doe No. 11's Renewed Motion to Dismiss/Sever for Improper Joinder (ECF No. 23) is **DENIED**.


Dated: July 15, 2013

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                      Senior United States District Judge